Battle, J.
 

 The defendant objects to the plaintiff’s recovering, upon throe .grounds: 1st. Because the bonds have been found, and, therefore, the plaintiff may have complete redress at law. 2ndly. Because the plaintiff is-estopped from denying that the intestate was -duly discharged as -a certificated bankrupt, under the bankrupt law of 1841, the said plaintiff having applied for and received a dividend out of the effects of the intestate as a bankrupt. 3rdly. Because the bonds upon which the suit is brought are, from length of time, presumed to Slave been paid, more than ten years having elapsed between the time when they became due, and the commencement of the suit.
 

 1. IVe are of opinion that the first ground >of defence is untenable. At the time when the bill wras filed, the Court undoubtedly had jurisdiction of the cause as a suit upon a lost bond. The plaintiff states, and the defendant admits, that the intestate told the plaintiff that the bonds had been burnt. The intestate had not, in fact, destroyed them, but he had them concealed from the plaintiff, and the latter had, therefore, the
 
 *194
 
 right to proceed in Equity to recover upon them as lost bonds. The Court having thus rightfully acquired jurisdiction of the cause, surely the intestate would not have been allowed to defeat it by producing the bonds which he stated that he had destroyed; and what would not have been allowed to him, cannot now be dons by his personal representative. No authority upon this point has been produced bj1" the counsel on either side, but we eaunot hesitate in deciding that the jurisdiction of the Court of Equity in such cases cannot be thus, defeated.
 

 2. We are not aware of any such ground of estoppel as that contended for by the defendant. The -plaintiff was proceeding lawfully when he presented his claim- for a dividend out of the effects of the defendant’s intestate- assigned to a commissioner under the bankrupt law. It was not his fault* but the fault of the intestate that the latter did not use the necessary means for obtaining bis certificate of discharge. As,, under the provisions of the bankrupt law, nothing short of his obtaining a decree discharging him as a bankrupt, could: discharge his debts, we cannot perceive how the plaintiff,, by-receiving a part of what was due to him, can he prevented from claiming the residue. The defendant has failed to produce the only proper evidence of the discharge of his intestate-as a bankrupt, and the plaintiff has not done anything to relieve him from the necessity of so doing’, or to bar himself from' the relief which he now seeks.
 

 3. The defendant
 
 cannot, imtler
 
 the- circumstances, avail himself of the lapse of time as a presumption of payment. It is well known that an express acknowledgment of a debt,, or one implied from a part payment of it, will prevent the presumption from arising. Here, a part of the debt was received by the plaintiff’s agent from the commissioner in bankruptcy by the assent of the intestate, and after that it was too late for him to allege that it had been paid, and rely upon the presumption as evidence of the fact. Without adverting to the other circumstances relied upon by the plaintiff’s counsel to
 
 *195
 
 repel the presumption, we hold the one j ust adverted to, to be sufficient for that purpose.
 

 The plaintiff is entitled to a decree for the amount due on the bonds in question, after allowing all just credits.
 

 Per Curiam, Decree accordingly.